# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Jeffrey Todd Cook,  )  <br> ) <br>                   Plaintiff,  ) <br> ) <br>     v.                                     ) <br> ) <br> Mildred Mitchell; Craig Richardson; ) <br> Pat Fran; Tom Sullivan,          ) <br> ) <br>                   Defendants. ) <br> _____) | Civil Action No. 9:15-cv-03639-JMC <br><br> **ORDER** |

Plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 8), filed on September 21, 2015, recommending that Plaintiff's action (ECF No. 1) be transferred to the United States District Court for the Southern District of West Virginia. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with

1

instructions. *See* 28 U.S.C. § 636(b)(1). Plaintiff does not object to the Report's findings. (*See* ECF No. 10 at 1.)

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8). It is therefore **ORDERED** that Plaintiff's action (ECF No. 1) be **TRANSFERRED** to the United States District Court for the Southern District of West Virginia. This court further orders that Plaintiff's Motion for Leave to Proceed in forma pauperis (ECF No. 2) and Motion to Appoint Counsel (ECF No. 11) are **DENIED**, as these are motions for the transferee court to more appropriately address.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 2, 2015
Columbia, South Carolina

2